# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3335-18T1

STATE OF NEW JERSEY,

       Plaintiff-Respondent,

v.

K.W.,

       Defendant-Appellant.

_____

       Submitted April 29, 2020 – Decided May 13, 2020

       Before Judges Haas and Enright.

       On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FO-09-0144-19.

       James R. Lisa, attorney for appellant.

       Esther Suarez, Hudson County Prosecutor, attorney for respondent (Jennifer J. Pinales, Assistant Prosecutor, on the brief).

PER CURIAM

Following a bench trial, the trial judge found defendant K.W. guilty of disorderly persons contempt of a Final Restraining Order (FRO), N.J.S.A. 2C:29-9(b)(2). The judge sentenced defendant to thirty days in jail, but stayed the imposition of the sentence pending appeal.

On appeal, defendant argues that the State "failed to carry its burden of proof beyond a reasonable doubt . . . to demonstrate that [defendant] was in violation of the [FRO]." She also asserts that the judge's findings of fact and conclusions of law were insufficient to support his decision. After reviewing the record in light of the contentions advanced on appeal, we affirm.

Defendant and the victim, K.B., have two children together. On July 18, 2016, K.B. obtained a FRO against defendant. The FRO prohibited defendant from "having any oral, written, personal, electronic, or other form of contact or communication with" K.B. Defendant had been found guilty of contempt on two prior occasions for violating the terms of the FRO.

K.B. testified that, on January 28, 2018, defendant called him on the telephone. K.B. recognized the caller as defendant because he was familiar with her voice. K.B. recorded the call, and played it at the trial. He testified that there had been no changes or deletions to the recording. Defendant did not testify at the trial, and did not call any witnesses on her own behalf.

A-3335-18T1

At the conclusion of the trial, the judge made the following concise findings of fact and conclusions of law:

> It is stipulated and I find that it has been shown by beyond a reasonable doubt that there was a [FRO] in place at the time involved here. That is Docket No. FV-09-114-17.
>
> [K.B.] testified that the recording that was played, the one recording on January 28th was a call he received from [defendant] that he recognized her voice.
>
> She eventually, from just listening to the recording, appeared to be agitated by something.
>
> [K.B.] told her several times she had a wrong number and then the call ended.
>
> [K.B.'s] testimony that she placed the call to him, that he recognizes her voice, establishes beyond a reasonable doubt the elements of contempt under [N.J.S.A.] 2C:29-9(b)(2), that [defendant] knew there was a restraining order in place, knew that it prohibited her from any contact or initiating any contact with [K.B.], that she placed that phone call some time on January 28th in violation of the order.

This appeal followed. As previously noted, defendant contends the record did not support the judge's finding of guilt. We disagree.

Our scope of review of a trial court's determination is limited. We are obligated to "review the record in the light of the contention, but not initially from the point of view of how [we] would decide the matter if [we] were the

3

A-3335-18T1

court of first instance." State v. Johnson, 42 N.J. 146, 161 (1964). Factual findings of the trial judge are generally given deference, especially when they "are substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Ibid. When we are satisfied that the findings of the trial court could reasonably have been reached on sufficient, credible evidence present in the record, our task is complete and we should not disturb the result. Id. at 162.

To be guilty of the disorderly persons offense of contempt of an FRO under N.J.S.A. 2C:29-9(b), the State must prove beyond a reasonable doubt that defendant was served with the FRO and knowingly committed the behavior that violated the order. State v. L.C., 283 N.J. Super. 441, 447-48 (App. Div. 1995).

Applying these principles, we conclude there was sufficient credible evidence in the record to support defendant's conviction of contempt of a FRO. Defendant was plainly aware there was a FRO in place based on her prior convictions for violating it. The FRO prohibited defendant from contacting K.B.

K.B. testified without contradiction that defendant called him on January 28, 2018. He recognized defendant's voice on the telephone when he answered and tried to get her to end the call by telling her she had the wrong number. Thus, K.B. properly authenticated the telephone call. Although the judge

recognized that "[t]he phone call itself was kind of hard to make out[,]" defendant "appeared to be agitated."

Under these circumstances, there was ample evidence to support the judge's conclusion that defendant was guilty of N.J.S.A. 2C:29-9(b). While concise, the judge's oral decision was more than sufficient under Rule 1:7-4 to support his findings of fact and conclusions of law. Therefore, we affirm defendant's conviction and sentence.

Affirmed. The stay of the custodial portion of defendant's sentence is vacated. The trial court shall administer the implementation of the sentence in the ordinary course.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3335-18T1